## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Nichole Shamblin, *on behalf of herself and others similarly situated*, | Civil Action No.: 3:21-cv-11175 |
| Plaintiff, | Class Action Complaint |
| v. | Jury Trial Demanded |
| Green Dot Bank, | |
| Defendant. | |

**Nature of this Action**

1. Nichole Shamblin ("Plaintiff") brings this class action lawsuit against Green Dot Bank ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely and systematically violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5)

1

and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided in Kimball, Michigan.

7. Defendant is a bank holding company that offers banking and financial services products directly to consumers through one of the largest retail banking distribution platforms in America.

8. Defendant's products can be acquired through more than 100,000 retailers nationwide, thousands of corporate paycard partners, several "direct-2-consumer" branded websites, thousands of tax return preparation offices and accounting firms, thousands of neighborhood check cashing locations, and both of the leading app stores.

9. Defendant is headquartered in Pasadena, California.

10. Among Defendant's brands is GO2bank, which has served 33 million customers since its inception.

**Factual Allegations**

11.     Plaintiff is, and has been at all times relevant to this action, the regular and customary user of her cellular telephone number—(810) XXX-9642.

12.     Plaintiff uses her cellular telephone as her personal residential telephone number.

13.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14.     Plaintiff's cellular telephone number has been registered with the DNC Registry since January 2008.

15.     On March 10, 2021, Defendant sent a text message to telephone number (810) XXX-9642.

16.     On March 12, 2021, Defendant sent a text message to telephone number (810) XXX-9642.

17.     Plaintiff received Defendant's March 10, 2021 and March 12, 2021 text messages from short code 462265 on telephone number (810) XXX-9642:



18. On March 12, 2021, Plaintiff called GO2bank regarding the unsolicited text messages she received.

19. During the March 12, 2021 call, Defendant's representative informed Plaintiff that the text messages were promotional in nature and that it received Plaintiff's contact information from a third party.

20. Defendant also informed Plaintiff that it mailed a debit card to Plaintiff at an address in Oklahoma where Plaintiff had not lived in seven years.

21. Plaintiff did not request or sign up for a debit card from Defendant.

4

22. Defendant sent additional promotional text messages from short code 462265 to telephone number (810) XXX-9642 on March 17 and 18, 2021.

23. Plaintiff received Defendant's March 17, 2021 and March 18, 2021 text messages from short code 462265 on telephone number (810) XXX-9642:



24. On March 18, 2021, Plaintiff responded "Stop" to Defendant's text messages.

25. No matter, Defendant continued sending telemarketing text messages to telephone number (810) XXX-9642, including later on March 18, 2021 and on March 24, 2021.

26. Again, Plaintiff responded "Stop."

27. Despite responding with "Stop" for the second time, Defendant continued sending telemarketing text messages to telephone number (810) XXX-9642, including on March 30, 2021:



28. The 462265 short code is a dedicated vanity short code used exclusively by Defendant.[1]

---

[1] *See* https://help.dialpad.com/hc/en-us/articles/115000367103-Short-Codes (last visited

29. "A short code is a number with fewer digits than a phone number to which a text message can be sent. The five-or six-digit numbers are often promoted in traditional and digital advertising. Companies use these codes to bring customers into the branded experience through voting, surveys, sweepstakes, coupon offers, information updates, loyalty programs and alerts."[2]

30. "A dedicated short code is an SMS short code that is used and paid for exclusively by one brand. A dedicated short code is different from a shared short code, because a shared short code is used and paid for by multiple brands."[3]

31. "A vanity short code, is a 5-6 digit phone number that is specifically selected by a brand, rather than selected at random by the Common Short Code Administration (CSCA)."[4]

32. Plaintiff did not give Defendant prior express consent to send text messages to telephone number (810) XXX-9642.

33. Plaintiff did not give Defendant prior express consent to send text messages to her.

---

May 18, 2021).

[2] https://usshortcodes.com/faqs (last visited May 18, 2021).

[3] https://usshortcodedirectory.com/faq/what-is-a-dedicated-short-code/ (last visited May 18, 2021).

[4] https://usshortcodedirectory.com/faq/what-is-a-vanity-short-code/ (last visited May 18, 2021).

7

34. Plaintiff did not give Defendant prior express written consent to send text messages to telephone number (810) XXX-9642.

35. Plaintiff did not give Defendant prior express written consent to send text messages to her.

36. Plaintiff has never had an account with Defendant.

37. Plaintiff has never requested promotional materials from Defendant.

38. Plaintiff has never applied for an account with Defendant.

39. Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

40. Defendant sent the text messages at issue for non-emergency purposes.

41. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

42. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to her or to telephone number (810) XXX-9642.

43. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

44. In addition, Plaintiff spent time attempting to get Defendant to stop sending text messages to her telephone.

45. Defendant knew, or should have known, that Plaintiff registered her telephone number with the DNC Registry.

## Class Action Allegations

46. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> **Telemarketing Class**: All persons throughout the United States (1) to whom Green Dot Bank delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Green Dot Bank's goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Green Dot Bank delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) from four years prior to the filing of this complaint through the date of class certification.
>
> **Revocation Class**: All persons throughout the United States (1) to whom Green Dot Bank delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Green Dot Bank's goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Green Dot Bank delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) from four years prior to the filing of this complaint through the date of class certification, (4) after being instructed not to send text messages to the person's telephone number.

47. Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

48. Upon information and belief, the members of the classes are so

numerous that joinder of all of them is impracticable.

49. The exact number of members of the classes is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

50. The members of the class are ascertainable because the classes are defined by reference to objective criteria.

51. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

52. Plaintiff's claims are typical of the claims of the members of the classes.

53. As it did for all members of the Telemarketing Class, Defendant delivered multiple solicitation text messages to Plaintiff's telephone number within a 12-month period, more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

54. As it did for all members of the Revocation Class, Defendant delivered multiple solicitation text messages to Plaintiff's telephone number within a 12-month period, after she instructed it to stop doing so.

55. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

56. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

57. Plaintiff suffered the same injuries as the members of the classes.

58. Plaintiff will fairly and adequately protect the interests of the members of the classes.

59. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

60. Plaintiff will vigorously pursue the claims of the members of the classes.

61. Plaintiff has retained counsel experienced and competent in class action litigation.

62. Plaintiff's counsel will vigorously pursue this matter.

63. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

64. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

65. Issues of law and fact common to all members of the classes are:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

    b. Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

    c. Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers after being instructed not to do so;

    d. Defendant's violations of the TCPA as outlined in this class action complaint; and

    e. The availability of statutory penalties.

66. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

67. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

68. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

69. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

70. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

71. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

72. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

73. There will be no extraordinary difficulty in the management of this action as a class action.

74. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of Plaintiff and the Telemarketing Class

75. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-74.

76. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

77. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

78. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

79. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

80. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Telemarketing Class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

14

81. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Telemarketing Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

82. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Telemarketing Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of Plaintiff and the Revocation Class**

83. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-74.

84. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

85. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on

the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

86. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

87. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

88. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Revocation Class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government, after being instructed not to do so.

89. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Revocation Class, more than

16

one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200, after being instructed not to do so.

90. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Revocation Class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative of the classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days, and continuing to deliver solicitation text messages to telephone numbers after being instructed to stop doing so;

f) Awarding Plaintiff and the members of the classes damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: May 20, 2021

*/s/ Michael L. Greenwald*
Michael L. Greenwald
James L. Davidson
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Phone: (561) 826-5477
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

*/s/ Ronald S. Weisss*
Ronald S. Weiss (P48762)
Attorney & Counselor
7035 Orchard Lake Road, Suite 600
West Bloomfield, Michigan 48322
Phone: (248) 737-8000
ron@ronweissattorney.com

*Counsel for Plaintiff and the proposed classes*